UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )      No. 4:11CR481 SNLJ
                               )                  (FRB)
ANTHONY McALLISTER,            )
                               )
            Defendant.         )

**MEMORANDUM,**
**ORDER, REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Anthony McAllister filed several pretrial motions. The motions were heard before the undersigned on January 31, 2012. Oral argument was heard on the defendant's motions. Neither party presented any testimony or evidence on any motions.

1. <u>Defendant's Motion For Disclosure Of Favorable, Exculpatory, And Impeaching Information</u> (Docket No. 60)

The government shall provide to the defendant any evidence in its possession which is favorable to the defendant and which is material to the guilt or innocence of the defendant or to punishment. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This includes evidence which may be used to impeach the testimony of government witnesses. <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

The government shall provide to the defendant the following material or information, if any exists, as to any person who it calls as a witness at the trial of this case:

1.    The prior criminal history of convictions of the witness;

2.    Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case;

3.    Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act Material).

To the extent that the defendant's motion requests disclosure of such evidence, it should be granted. In all other respects, it should be denied.

2.    <u>Defendant's Motion For Disclosure Pursuant To Rules 404(b) And 609 Of The Federal Rules of Evidence</u>
(Docket No. 61)

The government shall provide notice to the defendant, at least ten days prior to trial of the case, if it intends to offer evidence of other crimes, wrongs or acts, pursuant to Rule 404(b), Federal Rules of Evidence, and if it does so intend, the general nature of any such evidence that it intends to offer at trial.

Rule 609, Federal Rules Of Evidence, sets out the circumstances under which the testimony of a witness who has been convicted of a crime may be impeached by evidence of such conviction. However, the rule does not set out that the government is required to provide evidence of such conviction as to any witness it intends to call at trial. Thus, Rule 609 does not

provide for discovery of such evidence, other than as it relates to the defendant himself, (See Rule 16(a)(1)(D), Federal Rules of Criminal Procedure), and the defendant's request for disclosure pursuant to Rule 609 should be denied. To the extend that such evidence might be considered favorable to the defendant, it has already been ordered to be produced for the defendant to inspect and copy.

Therefore, the defendant's motion should be granted in part and denied in part, as set out above.

3. <u>Defendant's Motion For Leave To File Under Seal (Defendant's Motion To Dismiss Indictment)</u>(Docket No. 62)

Upon consideration of the reasons set out in the motion, defendant's Motion For Leave To File Under Seal should be granted.

4. <u>Defendant's Motion To Compel Disclosure Of Evidence Relating To Defense Of Entrapment</u> (Docket No. 63)

In his motion the defendant requests that the government disclose "all evidence which would have or might have a bearing on whether any act on the part of this Defendant was a product of entrapment by government agents or others acting at their request or direction." In response, the government notes that any evidence in its possession which would show that the defendant was entrapped by government agents and/or actors would be evidence favorable to the defendant and either has been or will be provided to the defendant. Further, the court has herein ordered that any favorable evidence in possession of or known to the government be produced to the defendant.

-3-

The defendant's motion should be denied as moot.

5. <u>Motion For Production And Inspection Of Grand Jury Transcripts Or Reports</u> (Docket No. 64)

The disclosure of matters occurring before the grand jury is permitted only upon a showing of particularized need for such disclosure. <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395 (1959). If a witness testifies at trial, his or her testimony before the grand jury, if any, constitutes a statement required to be produced at the time of trial pursuant to the Jencks Act, 18 U.S.C. § 3500, upon appropriate request and insofar as it relates to the subject matter of the witness' trial testimony. However, production of such statements cannot be compelled prior to trial. See <u>Dennis v. United States</u>, 384 U.S. 855 (1966).

The defendant's claim that disclosure is required in order to show that the grand jury considered improperly or illegally obtained evidence does not meet the "particularized need" requirement. <u>United States v. Warren</u>, 16 F.3d 247, 253 (8th Cir. 1994). Even if such allegations could be shown to be true, they would not be sufficient to compel a dismissal of the indictment. See <u>Costello v. United States</u>, 350 U.S. 359 (1956); <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974).

Therefore, the defendant's motion should be denied.

6. <u>Defendant's Motion To Dismiss Indictment</u> (Docket No. 65)

As his first ground to dismiss the indictment the defendant asserts that Count V of the indictment is a "vague, ambiguous and otherwise indefinite description of conduct Defendant McAllister is alleged to have engaged in". The defendant then goes on to state as further grounds to dismiss the indictment that discovery produced by the government does not support the allegations set out in the indictment.

The indictment is a plain, concise and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7(c), Federal Rules of Criminal Procedure and is thus valid on its face. Such an indictment is not subject to dismissal on the ground that it is not supported by sufficient evidence. <u>Costello v. United States</u>, 350 U.S. 359 (1956).

As his second ground to dismiss the indictment the defendant asserts that he was entrapped into committing the offense by government agents and others acting with them. In its response to the defendant's motion the government disputes the defendant's claim and denies that it acted in any way to induce the defendant to commit the offense charged. Rather, the government asserts that agents of the Federal Bureau of Investigation (F.B.I.) merely became aware of a planned bank robbery through information provided to them and stepped in to arrest the participants and prevent the robbery before it could occur. At the hearing on the motion

neither party chose to present any evidence in support of their respective positions as set out in their written submissions on the issue.

Entrapment is an affirmative defense.  In asserting such a defense the defendant has the burden of showing that he was induced to commit the offense through the conduct of government agents.  <u>United States v. Young</u>, 613 F.3d 735, 746-47 (8th Cir. 2010).  Inducement exists when the government implanted the criminal design in the defendant's mind.  <u>Id.</u> at 747 (Internal quotes and citations omitted).  Once the defendant meets his burden of showing such government inducement the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the crime.  The predisposition element focuses upon whether the defendant was an unwary innocent or, instead an unwary criminal who readily availed himself of the opportunity to perpetrate the crime.  <u>Id.</u> (Internal quotes and citations omitted).

"E"ntrapment is a question of fact and generally decided by a jury."  <u>Id.</u> at 746; <u>Matthews v. United States</u>, 485 U.S. 58 (1988).  Most courts have avoided deciding entrapment issues on pretrial motions to dismiss.  <u>United States v . Fadel</u>, 844 F.2d 1425, 1430 (10th Cir. 1988).  "The reasons for such a preference are grounded in the fact that the defense of entrapment is intertwined with the issue of intent and is typically based upon credibility determinations, an area traditionally reserved for jury

resolution." <u>Id.</u> A review of the defendant's motion and the government's response, all that is before the court at this time, readily shows that the case is replete with factual disputes with respect to both the "inducement" and "predisposition" aspect of the entrapment issues, making the issue inappropriate for pretrial resolution.

Likewise, because there are numerous factual disputes as alleged in the defendant's motion and the government's response thereto that it is impossible for the court to conclude at this time that the government's conduct in this case was so outrageous as to merit dismissal of the indictment at this time. <u>See</u>, <u>United States v. Russell</u>, 411 U.S. 423, 431-32 (1973); <u>United States v. Berg</u>, 178 F.3d 976, 979 (8th Cir. 1999).

Therefore, the defendant's motion should be denied.

### Conclusion

For all of the foregoing reasons the defendant's Motion To Dismiss Indictment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion For Disclosure Of Favorable, Exculpatory, And Impeaching Information (Docket No. 60) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant's Motion For Disclosure Pursuant to Rules 404(b) and 609 Of The Federal Rules Of Evidence (Docket No. 61) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant's Motion For Leave To File Under Seal (Defendant's Motion To Dismiss Indictment) (Docket No. 62) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion To Compel Disclosure Of Evidence Relating To Defense Of Entrapment (Docket No. 63) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion For Production And Inspection Of Grand Jury Transcripts Or Reports (Docket No. 64) is denied.

**IT IS HEREBY RECOMMENDED** that Defendant Anthony McAllister's Motion To Dismiss Indictment (Docket No. 65) be denied.

The parties are advised that they have until **April 27, 2012,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of April, 2012.

-8-